UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------X
Gary Cartwright,

                Plaintiff,         Civil Action No.:_____

    against

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

GS Holdings, LLC
Northern Resolutions, LLC,
Nick Galbo, and Sam Galbo

                Defendants.
-------------------------------------------------X

    Plaintiff Gary Cartwright (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendants GS Holdings, LLC, Northern Resolutions, LLC, Nick Galbo, and Sam Galbo (hereinafter referred to as "Defendants"), arising from Defendants' violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital

1


instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Florida, Broward County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Northern Resolutions, LLC is a New York limited liability company conducting business from its principal office located a 174 Main Street, Suite 207, East Aurora, NY  14052.

6. Upon information and belief, Defendant GS Holdings, LLC is a limited liability company and a debt buyer conducting business from its principal office located at 3800 Union Rd., Suite A, Cheektowaga, NY 14225.

7. Upon information and belief, Defendants Sam Galbo and Nick Galbo are the principals, proprietors and operators of GS Holdings, LLC, and are responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.

8. Defendants regularly collect or attempt to collect debts for other parties, and therefore, are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Plaintiff allegedly incurred a personal debt to Horizon Opportunities (referred to hereinafter as the "Alleged Debt").

11. Upon further information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

12. At a time better known to Defendants, Defendant GS Holdings, LLC purchased the Alleged Debt for the purpose of collecting said debt.

13. Upon information and belief, Defendant GS Holdings, LLC subsequently assigned the Alleged Debt to or placed the Alleged Debt with Defendant Northern Resolutions, LLC for the purpose of collecting said debt.

14. Accordingly, Defendant GS Holdings, LLC and their principals are vicariously liable for the acts and omissions of Defendant Northern Resolutions, LLC.

15. On or around June 4, 2014, Defendant Northern Resolutions, LLC commenced collection activities in an attempt to collect the Alleged Debt from Plaintiff by sending Plaintiff a dunning letter. (See "Exhibit A" – Dunning letter from Northern Resolutions, LLC)

16. Said dunning letter, failed to state that Plaintiff had the right to dispute the Alleged Debt within 30 days; failed to state that Plaintiff had the right to have verification mailed to him; and failed to provide the address of the original creditor.

17. Furthermore, Plaintiff had already satisfied the Alleged Debt with another collection company, Capital Harris Miller and Associates. (See "Exhibit B"- Satisfaction letter from Capital Harris Miller and Associates, incorporated hereinafter by reference).

18. Plaintiff paid a total of $522 to Capital Harris Miller and Associates in order to satisfy the Alleged Debt. (See "Exhibit B").

19. Accordingly, the Alleged Debt was closed as "paid in full/settled". (See "Exhibit B").

20. Defendants are also attempting to collect a payday loan in violation of New York State law.

21. Pursuant to General Obligations Law section 5-511 payday loans are void and unenforceable.

22. Attempts to collect on debts that are void and unenforceable violate General Business Law section 601(8).

23. Essentially, Defendants are attempting to collect a debt that was not due and owing, and not authorized by the original agreement signed by Plaintiff.

24. As a direct consequence of the Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendants' conduct violated 15 U.S.C. §1692f(1), in that Defendants attempted to collect on a debt that is not authorized by the agreement or permitted by law.

28. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)(3)

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendants' conduct violated 15 U.S.C. §1692g(a)(3), in that Defendants' initial notice failed to state Plaintiff's right to dispute the debt within 30 days.

31. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)(4)

32. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendants' conduct violated 15 U.S.C. §1692g(a)(4), in that Defendants' initial notice failed to state Plaintiff's right to have verification sent to him.

34. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)(5)

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendants' conduct violated 15 U.S.C. §1692g(a)(5), in that Defendants' initial notice failed to state the original creditor's address.

37. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
July 30, 2014

Respectfully submitted,

By: *s/ Jerald Alan Belofsky*
Jerald Alan Belofsky, Esq.
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com